MARY SAMMAK, PLAINTIFF-RESPONDENT, v. LEHIGH VALLEY RAILROAD COMPANY, A CORPORATION, ET AL., DEFENDANTS-APPELLANTS.

Submitted February 16, 1934—Decided April 12, 1934.

For the appellants, *Collins & Corbin.*

For the respondent, *Edward M. Salley* and *Victor Ruskin.*

The opinion of the court was delivered by

WELLS, J. This appeal is from a judgment of the Supreme Court affirming a judgment of the First District Court of Jersey City in favor of the plaintiff-respondent (hereinafter called the plaintiff) and against the defendants-appellants (hereinafter called the defendant).

It appears from the stipulations of facts and testimony that the plaintiff's automobile was being driven at a reasonable rate of speed, at three-thirty A. M., when it was misty and foggy, along a public highway in the village of Waverly and State of New York, and that the said automobile was damaged by its colliding with a concrete signal tower, erected by defendant in the center of said public highway, a few feet in front of the defendant's railroad tracks which crossed the highway at that point at grade. The signal is of a type known as a "banjo light," consisting of a concrete tower supporting lights, known as "flashers," which light up only at such times as a train approaches the crossing.

The amount of damage was admitted. The basis of plaintiff's action is that the structure was maintained by the defendant in a negligent manner, that is, that the failure to equip the tower with a warning light when trains were not about to cross the highway made it a nuisance and the defendant liable.

The defense was that the construction and maintenance of the structure was legally authorized by the public service commission of New York and the municipal authorities of the village of Waverly, and that the tower was, therefore, lawfully upon the highway and that defendant cannot be held liable for its failure to keep the same lighted at night.

At the conclusion of the trial (which was by the court without a jury), counsel for the defendant moved for a direction of a verdict. Decision was reserved but, after briefs had been submitted, judgment was rendered in favor of the

defendant. Thereafter the plaintiff obtained a rule to show cause, which was made absolute and the previous judgment in favor of the defendant was vacated by the trial court and judgment entered for the plaintiff for the amount stipulated as the damage sustained.

The defendant complains of this, on the ground that if the judgment was to be set aside it was entitled to a new trial.

We find no merit in this contention. All the evidence in the case, other than certain questions as to the law involved, had already been submitted to the court by stipulations, which could not be changed by another trial of the cause, and the court, after reviewing the evidence presented, decided that it had reached an erroneous conclusion; and on the same evidence ordered judgment in accordance with that view. In such a situation a new trial could not have resulted in any other judgment than the one finally entered.

Defendant also alleges that the Supreme Court erred in affirming the judgment of the District Court which erroneously refused to direct a verdict in favor of the defendant because it says there was no proof of any negligence or the violation of any duty on defendant's part.

In its opinion the Supreme Court applied the law of the State of New York (which it was proper to do so far as it was proved) and found as a fact in the case that while it was true that the public service commission and the authorities of Waverly gave *permission,* on the petition of the defendant, for the erection of this signal tower, yet these bodies did not *direct* or *order* its erection by virtue of any mandatory provision of the law. And the Supreme Court then laid down the rule that unless a structure such as the one in question is required by a mandatory provision of the law, it is a nuisance to erect the same in a highway, even though proper authority is obtained for the erection thereof. In other words, it holds that if the defendant is *compelled* to erect the structure there is no liability, but if it seeks and obtains *permission* on its own initiative to do so there is liability.

In support of this conclusion the Supreme Court, citing the cases of *W. B. Wood Co.* v. *Balsam,* 100 *N. J. L.* 275;

*Denzer* v. *Delaware, Lackawanna and Western Railroad Co.,* 103 *Id.* 95, and *Lorentz* v. *Public Service Railway Co., Ibid.* 104, said:

"It is quite clear that in each of the aforesaid cases, the structure involved in the premises was built in pursuance to a legislative mandate. That is, they were not merely permissive structures but were structures erected because the law so directed by positive and absolute order."

We have carefully examined the cases cited by the Supreme Court and, with the exception of the case of W. B. Wood Co. *v.* Balsam (where the question of whether a permissive authority would be sufficient to legalize a nuisance was not before the court, or decided), we fail to find in the cases cited that the erection of the structures at the times, in the manner and at the places specified was by compulsion or in "pursuance to a legislative mandate."

We do not think that liability depends on whether the structure is erected pursuant to mandatory order made or acquiescent permission granted.

We think that counsel for the defendant correctly stated the test of liability in the instant case, when he said:

"The legal question for decision in this case is whether or not the structure with which the plaintiff's automobile collided was lawfully in the highway. If it was then the plaintiff's damages cannot be recovered for, because the structure in question was a lawful one sanctioned by legislative and municipal authority. If it was not lawfully in the highway, on the contrary the plaintiff would be entitled to recover." Citing *W. B. Wood Co.* v. *Balsam, supra; Denzer* v. *Delaware, Lackawanna and Western Railroad Co., supra; Lorentz* v. *Public Service Railway Co., supra,* and *Howard* v. *Lehigh Valley Railroad Co.,* 106 *N. J. L.* 466.

If the structure is a "legalized" one, that is, one for which definite and specific legislative authority exists, it is immaterial whether it is erected by *permit* or *mandate*. In either case there would be no duty on the part of the defendant to light it at night as a warning of its presence to the users of the highway, in the absence of proof of a requirement by a statute, ordinance or some authorized order so to do.

The defendant based its contention that the structure was lawfully in the highway upon an order of the public service commission of New York, which, after reciting that the defendant had submitted a plan showing the proposed installation of automatic horizontal flashing highway crossing signals, at the crossing of its railroad and the highway in question, ordered that the plan be filed and approved; and also upon a motion passed by the board of trustees of the village of Waverly, giving the defendant permission to install automatic electric flashing signals in the center of the highway in question, subject to the rules and regulations of the New York state highway department and the public service commission.

Defendant argues that these authorizations were justified by section 50 of chapter 480 of the Consolidated Laws of the State of New York, better known as the "Public Service Commission law of 1910," found in 6 *Consolidated Laws* 6840, and by section 53 of the Railroad law of New York.

Section 50 confers upon the public service commission the power to make orders *directing* railroad corporations, &c., to make such changes and additions by way of additional equipment, repairs and improvements as ought reasonably to be made to promote the security or convenience of the public or employes.

No such *order* was made in the instant case and we fail to see the applicability of section 50.

Section 53 provides as follows:

"Every railroad corporation shall cause a sign board to be placed, well supported and constantly maintained, at every crossing where its road is crossed by a public highway at grade. Such sign board shall be of a shape and design to be approved by the public service commission, and shall have suitable words painted thereon to warn travelers of the existence of such grade crossing. The commission shall have power to prescribe the location and elevation of such sign and the words of warning thereon." * * *

This section deals with *sign boards* at railroad crossings and not concrete towers in public highways.

Our examination of these New York statutes offered in evidence and the testimony of the defendant's expert witness as to the interpretation thereof by the courts of New York leads us to the conclusion that no authority was conferred upon the public service commission of New York or the authorities of Waverly to order or permit the erection of this structure at the place it occupied in the public highway at the time of the accident.

This court held in *Bodine* v. *Berg et al.,* 82 *N. J. L.* 662, that in the absence of the proof of the laws of another jurisdiction the inference is that the common law still prevails. By the force of the common law the street and every part of it is so far dedicated to the public that any act or obstruction that unnecessarily incommodes or impedes its lawful use by the public is a nuisance; or as Mr. Justice Parker, speaking for this court, in *Lorentz* v. *Public Service Railway Co., supra,* succinctly said:

"It is elementary, of course, that any unlawful obstruction of the highway is *prima facie* a nuisance and that the party responsible for it is liable in damages to one injured thereby. This was the theory of the leading case of *Durant* v. *Palmer,* 29 *N. J. L.* 544. But it is equally well settled that the legislature may legalize what would otherwise be a nuisance."

To the same effect was *Opdycke* v. *Public Service Railway Co..* 78 *N. J. L.* 576, 583; 76 *Atl. Rep.* 1032.

The burden of proof is on the defendant to show that this structure which would otherwise be a nuisance was a "legalized" obstruction. This it failed to do.

The instant case is on all fours with *Howard* v. *Lehigh Valley Railroad Co., supra,* where this court held that permission for the erection of a structure identical with this one, granted by the board of chosen freeholders of the county did not legalize the obstacle, but that there must be specific legislative authority to permit the obstruction of highways. There was in that case no statute clothing the board of freeholders with specific and exact authority to grant the permission to the railroad to legally erect and maintain the structure in question.

And so in the instant case, there is an absence of definite and legislative authority for the erection of this concrete tower in the public highway of the village of Waverly, even for the purpose of placing a signal or sign post thereon, and its presence there, without lights, endangered ordinary travel by night and constituted it a nuisance; and the defendant was properly held responsible for the damage accruing to plaintiff whose car, without any negligence on the part of the driver thereof, collided with said tower.

We are of the opinion that the judgment of the Supreme Court affirming the judgment of the District Court should be affirmed for the reasons herein stated.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Case, Bodine, Donges, Heher, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 13.

*For reversal*—None.